Filed by \_\_\_\_ MC \_\_\_ D.C.

Jun 25, 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. –MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **18-20546-CR-GAYLES/OTAZO-REYES**

18 U.S.C. § 371
18 U.S.C. § 982(a)(7)

UNITED STATES OF AMERICA

vs.

ASIF UDDIN,

        **Defendant.**
_____/

## INFORMATION

The Attorney for the United States charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

### TRICARE PROGRAM

1.    TRICARE was a health care insurance program of the United States Department of Defense. TRICARE provided civilian health benefits for military personnel, military retirees, and military dependents all around the world. The TRICARE program provided medical coverage for Uniformed Service members including those who were active duty and reservists that were a part of the following: United States Army, United States Air Force, United States Navy, United States Marine Corps, United States Coast Guard, Commissioned Corps of the United States Public Health Service, and Commissioned Corps of the National Oceanic and Atmospheric Association, National Guard/Reserve, Army National Guard, Army Reserve, Navy Reserve, Marine Corps Reserve, Air National Guard, Air Force Reserve, and United States Coast Guard Reserve and their families.

This program also covered survivors, former spouses, Medal of Honor recipients and their families, and others registered in the Defense Enrollment Eligibility Reporting System (DEERS).

2. There were two types of beneficiaries under the TRICARE program: (a) Sponsors - active duty, retired and guard/reserve members, and (b) Family Members - spouses and children who were registered in DEERS.

3. In order to pay a claim, TRICARE required that the item or service being billed must be medically necessary, properly prescribed by a licensed physician and actually provided to a TRICARE beneficiary.

4. TRICARE was a Federal health care benefit program as defined by Title 18, United States Code, Section 24(b), and as such it was illegal for an individual to pay kickbacks to a person for the referral of an individual for the furnishing of some health care item, benefit or service.

5. TRICARE contracted with Express Scripts, Incorporated (ESI) to administer the TRICARE program, specifically for the processing and payment of claims.

### The Defendants and Related Entities

6. Pharmacy 1, a corporation organized under the laws of the State of Florida, was a pharmacy located in the Middle District of Florida that purportedly provided pharmaceutical drugs and compounded medications to TRICARE and private commercial insurance beneficiaries.

7. Pharmacy 2, a corporation organized under the laws of the State of Oklahoma, was a pharmacy located in the Western District of Oklahoma that purportedly provided pharmaceutical drugs and compounded medications to TRICARE and private commercial insurance beneficiaries.

8. Company 3, a corporation organized under the laws of the State of Florida, located in the Southern District of Florida, recruited and paid individuals to refer TRICARE beneficiaries to it so that it could in turn refer those beneficiaries to Companies 1 and 2.

9. Co-conspirator 1, a resident of the State of Florida was the sole owner and officer of Company 3.

10. Uddin Enterprises, Inc., a corporation organized under the laws of the State of New York, recruited and paid individuals to refer TRICARE beneficiaries to it so that it could in turn refer those beneficiaries to Company 3.

11. Defendant **ASIF UDDIN**, a resident of the State of New York, was the sole owner and officer of Uddin Enterprises, Inc.

## CONSPIRACY TO PAY AND RECEIVE HEALTH CARE KICKBACKS
## (18 U.S.C. § 371)

From in or around December of 2014, through in or around May of 2015, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### ASIF UDDIN,

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with Co-conspirator 1, Karl Frederick Voeller, and others known and unknown to the Attorney for the United States, to commit offenses against the United States, that is:

a. to violate Title 42, United States Code, Section 1320a-7b(b)(1)(A), by knowingly and willfully soliciting and receiving remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, in return for referring an individual to a person for the furnishing and arranging for furnishing of any item and service for which payment may be made in whole and in part under a Federal health care program, that is, TRICARE; and

b. to violate Title 42, United States Code, Section 1320a-7b(b)(2)(A), by knowingly and willfully offering and paying any remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, to a person to induce such person to refer an

indirectly, overtly and covertly, in cash and in kind, to a person to induce such person to refer an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part by a Federal health care program, that is, TRICARE.

## PURPOSE OF THE CONSPIRACY

12. It was a purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by: (1) soliciting, receiving and paying kickbacks and bribes in return for obtaining and referring TRICARE beneficiaries to serve as patients; and (2) submitting and causing the submission of claims to TRICARE for compounded medications that Companies 1 and 2 purported to provide to those TRICARE beneficiaries.

## MANNER AND MEANS

The manner and means by which the defendant and his co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things, the following:

13. Co-conspirator 1 solicited and received kickbacks, including from Pharmacies 1 and 2, in exchange for recruiting and referring TRICARE beneficiaries to those pharmacies, knowing that they would bill TRICARE for compounded medications purportedly dispensed to the recruited TRICARE beneficiaries.

14. Co-conspirator 1, through Company 3, offered and paid kickbacks to **ASIF UDDIN** and others in exchange for the recruitment and referral of TRICARE beneficiaries that it in turn referred to pharmacies including to Pharmacies 1 and 2.

15. **ASIF UDDIN**, through Uddin Enterprises, offered and paid kickbacks to Karl Frederick Voeller and others, in exchange for the recruitment and referral of TRICARE beneficiaries knowing that Pharmacies 1 and 2 would bill TRICARE for compounded medications

4

purportedly dispensed to the recruited TRICARE beneficiaries.

16. **ASIF UDDIN** solicited and received kickbacks from Co-conspirator 1 in exchange for recruiting and referring TRICARE beneficiaries to Company 3, knowing that Co-conspirator 1 in turn referred those beneficiaries to Pharmacies 1 and 2.

17. **ASIF UDDIN** caused TRICARE to pay Pharmacies 1 and 2 based upon compounded medications alleged to have been dispensed to the recruited TRICARE beneficiaries.

18. As a result of these claims, TRICARE made payments to Pharmacies 1 and 2.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its objects and purpose, at least one co-conspirator committed and caused to be committed, in Miami-Dade County, in the Southern District of Florida, and elsewhere, at least one of the following overt acts:

1. On or about October 9, 2014, **ASIF UDDIN** sent a text message to Co-conspirator 1 about obtaining a prescription for a recruited TRICARE beneficiary.

2. On or about December 2, 2014, Co-conspirator 1 sent a text message to **ASIF UDDIN** instructing him how to fill out a prescription for compounded medications.

3. On or about January 22, 2015, **ASIF UDDIN** filed documents with the New York State Division of corporations incorporating Uddin Enterprises.

4. On or about March 3, 2015, **ASIF UDDIN**, through Uddin Enterprises, paid a kickback in the amount of $2,000 to Karl Frederick Voeller in exchange for the referral of TRICARE beneficiaries.

5. On or about March 17, 2015, **ASIF UDDIN**, through Uddin Enterprises, paid a kickback in the amount of $2,000 to Karl Frederick Voeller in exchange for the referral of TRICARE beneficiaries.

5

6. On or about March 17, 2015, Co-conspirator 1 caused a kickback payment in the approximate amount of $23,161 to **ASIF UDDIN** in exchange for the referral of TRICARE beneficiaries.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE
## (18 U.S.C. § 982(a)(7))

1. The allegations of this Information are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **ASIF UDDIN**, has an interest.

2. Upon conviction of the violation alleged in this Information, the defendant shall forfeit to the United States, any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

3. The property subject to forfeiture includes, but is not limited, the entry of a forfeiture money judgment in the amount of the proceeds obtained from the commission of the offense to which he is pleading guilty, pursuant to Title 18, United States Code, Section 982(a)(7).

All pursuant to Title 18, United States Code, Section 982(a)(7), and the procedures set forth in Title 21, United States Code, Section 853, made applicable by Title 18, United States Code, Section 982(b).

_____
RANDY HUMMEL
ATTORNEY FOR THE UNITED STATES
ACTING UNDER AUTHORITY CONFERRED
BY 28 U.S.C. § 515.

_____
KEVIN J. LARSEN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| v. | |
| ASIF UDDIN, | **CERTIFICATE OF TRIAL ATTORNEY*** |
| Defendant. / | **Superseding Case Information:** |

**Court Division:** (Select One)

<u>X</u> Miami    ____ Key West
____ FTL    ____ WPB    ____ FTP

New Defendant(s)     Yes ____   No ____
Number of New Defendants    ____
Total number of counts    ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    NO
   List language and/or dialect    _____

4. This case will take    0    days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   | | | | | (Check only one) | |
   |---|---|---|---|---|---|
   | I | 0 to 5 days | X | Petty | | |
   | II | 6 to 10 days | ____ | Minor | | |
   | III | 11 to 20 days | ____ | Misdem. | | |
   | IV | 21 to 60 days | ____ | Felony | | X |
   | V | 61 days and over | ____ | | | |

6. Has this case been previously filed in this District Court?    (Yes or No)    NO
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?    (Yes or No)    NO
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No)    NO

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    Yes ____    No X

_____
KEVIN J. LARSEN
ASSISTANT UNITED STATES ATTORNEY
FL Bar No. A5501850

*Penalty Sheet(s) attached

REV 5/3/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** ASIF UDDIN,

**Case No:** _____

Count #: 1

Conspiracy to Pay and Receive Health Care Kickbacks

Title 18, United States Code, Section 371

\* **Max. Penalty:** Five (5) years' imprisonment

Count #:

\***Max. Penalty:**

Count #:

\***Max. Penalty:**

Count #:

\***Max. Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.