UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-20546-CR-GAYLES-Otazo-Reyes

UNITED STATES OF AMERICA

vs.

ASIF UDDIN,

      Defendant.
_____/

## FACTUAL PROFFER

The office of the United States Attorney for the Southern District of Florida and the defendant stipulate to and agree not to contest the following facts, and stipulate that such facts, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, provide a sufficient factual basis for the plea of guilty in this case:

If this case had gone to trial the government would have proved beyond a reasonable doubt that TRICARE was a health care insurance program of the United States Department of Defense. TRICARE provides civilian health benefits for military personnel, military retirees, and military dependents all around the world.

The government would have proved that between in or around December, 2014, and continuing through in or around May, 2015, the defendant combined, conspired, and confederated with Karl Frederick Voeller ("Voeller"), co-conspirator 1, and others known and unknown to the Attorney for the United States to pay and receive health care kickbacks in violation of Title 18, United States Code, Section 371.

Specifically, the government would have proved that in or around December of 2014, the defendant invited Voeller into the scheme by offering to pay him in exchange for recruiting and

referring TRICARE beneficiaries to him and co-conspirator 1 so that the beneficiaries' orders for prescription compounded medications could be filled by Pharmacies 1 and 2, which are compounding pharmacies located in the Middle District of Florida and the Western District of Oklahoma respectively. The defendant agreed to recruit and refer TRICARE beneficiaries, referred to him by Voeller to co-conspirator 1, who in turn agreed to pay the defendant an amount equal to 25% of the claims paid by TRICARE to Pharmacies 1 and 2 that were traceable to beneficiaries recruited and referred by the defendant.

The government would have further proved that the defendant established a corporation, Uddin Enterprises, Inc., for the sole purpose of receiving and paying kickbacks in connection with the scheme, and that during the course of the charged conspiracy, the defendant, through Uddin Enterprises, solicited and received the approximate sum of $283,000 from co-conspirator 1 as kickbacks in exchange for the referral of TRICARE beneficiaries. The government would have further proved that during the course of the charged conspiracy, the defendant offered and paid the approximate sum of $64,000 to co-conspirator Voeller in exchange for Voeller's referral of TRICARE beneficiaries to the defendant. The defendant admits that all of these monies were in fact unlawful health care kickbacks tied to his direct and indirect referral of TRICARE beneficiaries to Pharmacies 1 and 2.

All of the above conduct occurred within the jurisdiction of the Southern District of Florida.

RANDY HUMMEL
ATTORNEY FOR THE UNITED STATES
ACTING UNDER AUTHORITY CONFERRED
BY 28 U.S.C. § 515

Date: 8/30/18

By: _____
KEVIN J. LARSEN
ASSISTANT UNITED STATES ATTORNEY

2

Date: 8/30/18

By: _____
GERALD GREENBERG, ESQ.
ATTORNEY FOR DEFENDANT

Date: 8/30/18

By: _____
ASIF UDDIN, M.D.
DEFENDANT

3