**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 18-20546-CR-GAYLES**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ASIF UDDIN,

    Defendant.

_____/

**JOINT MOTION TO CONTINUE SENTENCING FOR REASONS STATED AT NOVEMBER 6, 2018 STATUS CONFERENCE BASED ON RESCHEDULING OF RELATED TRIAL**

The United States of America and Defendant Asif Uddin, by and through undersigned counsel, jointly move the Court to continue the sentencing in the above-captioned matter to a date after May 28, 2019, and in support thereof state as follows:

1. Defendant Asif Uddin was charged via Information and entered a plea of guilty on August 30, 2018. Sentencing was initially scheduled for November 9, 2018. However, the parties jointly moved to continue the sentencing to a date after Dr. Uddin's anticipated testimony as a key witness in the case of *United States v. Senthil Ramamurthy*, 18-cr-20710-Altonaga. The Court granted the motion at a status conference on November 6, 2018, concluding that, in light of the unique circumstances of Dr. Uddin's case, the Court would "be better informed" in making a sentencing determination after the conclusion of the *Ramamurthy* trial. Tr. Nov. 6, 2018 Hr'g 9:2-4 (Exh. A). A superseding indictment was filed in the *Ramamurthy* case, and yesterday, February 13, 2019, trial was rescheduled to take place in the trial period beginning on May 28, 2019. No further continuances are expected. The same circumstances exist that led the parties to initially

request and the Court to grant a continuance of the sentencing to after the *Ramamurthy* trial. Therefore, the parties jointly request that the Court continue the sentencing to a date after the newly rescheduled *Ramamurthy* trial.

2. The facts of this case separate it from the standard one in which an extension is requested. As the parties discussed at the November 2018 status conference, Dr. Uddin has cooperated extensively with the United States, providing valuable information about a variety of topics and directly leading to the indictment of Senthil Ramamurthy, who has been described by the government as being "at the apex" of the charged scheme. Exh. A at 7:16-17. The United States has not agreed to any downward departure or variance and has made no decision at this time about whether to seek a reduction based on Dr. Uddin's cooperation as such cooperation is not yet complete and cannot be completed until the trial. However, the United States has indicated that it does anticipate seeking such a reduction. Exh. A at 7:18-22.

3. Conducting Dr. Uddin's sentence before the trial in *Ramamurthy* could prevent his cooperation from being fully incorporated in any final sentence. This is particularly concerning in Dr. Uddin's case because Dr. Uddin's cooperation could very well be the difference in determining whether his sentence is custodial. Dr. Uddin's advisory guideline range has a low end of 24 months before any credit is given for cooperation or any requests for downward departure or variances by Dr. Uddin are considered.

4. In addition, Dr. Uddin's career is at stake. As discussed at the November hearing and detailed in Dr. Uddin's Sentencing Memorandum, Dr. Uddin is currently a medical resident at the University of Kansas and is addressing various issues relating to the impact of his plea and sentencing on his medical license, his ability to continue as a medical resident, and his overall professional standing. If he is sentenced to a custodial sentence before his cooperation can be taken

into account, his medical career could be brought to an end, even if that sentence is later reduced to a non-custodial one.

5. When presented with all of these factors at the November 6, 2018 status conference, the Court granted the requested continuance of the sentencing until after the *Ramamurthy* trial, stating among other conclusions that it would "be better informed under these circumstances in late February," after the conclusion of the *Ramamurthy* trial. Exh. A at 9:2-4.

6. All of the reasons to wait until after the trial remain the same as they did in November; all that has changed is the trial date.

7. Since Dr. Uddin has been so critical to the entire *Ramamurthy* case, it would be unfortunate if, through no fault or delay of his own, his cooperation and the continuance caused by the superseding indictment led to his being sentenced before the Court has full information at its disposal.

8. This Joint Motion is filed not for the purpose of delay, but for the reasons set forth herein, all of which can be elaborated upon if the Court so desires. Further, this Motion is being filed immediately after the scheduling order was issued in the *Ramamurthy* case yesterday, February 13, 2019.

9. To accommodate the issues set forth above, the United States and Dr. Uddin ask that the sentencing be continued to a date after the *Ramamurthy* trial, which is scheduled for the trial period beginning May 28, 2019.

WHEREFORE, the United States and Asif Uddin respectfully request that the sentencing in the above-captioned case be continued to a date sometime after May 28, 2019.

Dated: February 14, 2019                              Respectfully Submitted,


ARIANNA FAJARDO ORSHAN
UNITED STATES ATTORNEY

*/s/Kevin J. Larsen*                                  */s/Gerald E. Greenberg*
KEVIN J. LARSEN                                       GERALD E. GREENBERG
United States Attorney's Office                       Florida Bar No. 440094
kevin.larsen@usdoj.gov                                ggreenberg@gsgpa.com
Economic Crimes Section                               MIKAYLA ESPINOSA
99 N.E. 4th Street                                    Florida Bar No. 1008227
Miami, Florida 33132                                  mikaylaespinosa@gsgpa.com
Telephone: (305) 961-9356                             GELBER SCHACHTER & GREENBERG, P.A.
Facsimile: (305) 530-6168                             1221 Brickell Avenue, Suite 2010
                                                      Miami, Florida 33131
*Counsel for the United States*                       Telephone: (305) 728-0950
                                                      Facsimile: (305) 728-0951
                                                      E-service: efilings@gsgpa.com

                                                      *Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of February, 2019, a true and correct copy of the foregoing is being electronically filed with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

Kevin J. Larsen
United States Attorney's Office
kevin.larsen@usdoj.gov
Economic Crimes Section
99 N.E. 4th Street
Miami, Florida 33132
Telephone: (305) 961-9356
Facsimile: (305) 530-6168

Daren Grove
Assistant United States Attorney
daren.grove@usdoj.gov
99 N.E. 4th Street - 7th Floor
Miami, Florida 33132
Telephone: (954) 660-5774
Facsimile: (954) 356-7180

Nicole Pender
United States Probation Officer
nicole_pender@flsp.uscourts.gov
400 N. Miami Avenue, 9th Floor South
Miami, Florida  33128

*/s/Gerald E. Greenberg*
GERALD E. GREENBERG